In the Matter of the Estate of EDWARD PIDGEON, Deceased.

Surrogate's Court, Suffolk County, June 25, 1934.

*Benjamin Herdes,* for the claimant.

*Partridge & Sullivan,* for the administrator.

PELLETREAU, S. The Gladstone Holding Corporation filed claims against the above estate, claiming damages by reason of alleged violation by the decedent of a restrictive covenant in a deed. The first question is does such claim exist?

It appears that one Ida A. Smith, being then owner of a development near Northport, N. Y., known as Asharoken Beach, sold lots therein by reference to a map entitled " Map A of Asharoken Beach," filed in Suffolk county clerk's office under file No. 120, and offered in evidence in this proceeding. She sold to one Charles M. Lewis and another, lot 33 of that map and put in his deed certain covenants and restrictions as follows:

" This conveyance is made by the party of the first part and accepted by the party of the second part upon the following express covenants and restrictions, which it is hereby stipulated to run with the land conveyed, to wit:

" (1) That the said premises shall be used only for the purpose of dwellings and such other buildings thereon as are appurtenant to the use and occupation of said premises for residential purposes and no business of any kind shall be conducted thereon. ·This restriction, however, shall not be so construed as to prevent the keeping of boarders on said premises.

" (2) That no building of any kind shall be erected upon said premises less than 10 feet from the line of an adjoining lot or less than 50 feet from high water mark or Asharoken Avenue.

" (3) That the buildings and improvements on said premises shall cost not less than $1500.

" (4) That no nuisance of any kind shall be kept upon said premises.

" (5) And it is hereby stipulated and agreed by and between the parties hereto that all the lots upon said map from number 28 to 35 inclusive shall be sold subject to the same conditions and covenants above specified and should any be sold otherwise, then and in that event each and every one of the above conditions and restrictions shall be void and of no effect, and the party of the second part, his heirs and assigns, shall hold and own said premises in the same manner as if such restrictions and conditions had not been inserted in this conveyance."

She sold to Rowland Miles lot 28 of the same map, subject to same covenants and restrictions. (Liber 542, p. 518.)

She sold to Andrew Ackerly lot 29 of the same map, subject to the same covenants and restrictions. (Liber 539, p. 553.)

She sold to H. Davis Ackerly lot 30 of the same map, subject to the same covenants and restrictions. (Liber 555, p. 153.)

She then sold to H. Davis Ackerly on April 29, 1903, the westerly half of lot 31, and to Edward Pidgeon on the same day the easterly half of lot 31, same map, and included in these deeds the same covenants and restrictions.

She finally sold to one Laura S. Stewart, August 23, 1912, recorded August 24, 1912, liber 823, page 57, lot 34 and west part of lot 35, same map, and included therein no restriction as to building within ten feet of the lot lines as previously done.

Meanwhile Edward Pidgeon conveyed the east one-half of lot 31 to his wife, L. Franciene Pidgeon, by the same description as in the deed to him and " subject to all the covenants and conditions " in the deed recorded in liber 681, page 364. Pidgeon had, immediately after the purchase of the lot, erected a house and garage on the lot, within ten feet of the central division line, but not within the limits of the easterly ten feet of the original lot as shown on map A of Asharoken Beach.

L. Franciene Pidgeon reconveyed to Edward Pidgeon by deed dated February 5, 1914, recorded in liber 872, page 74, by deed containing the same description and the same reference to the deed from Ida A. Smith.

Edward Pidgeon conveyed to Harry D. Gladstone by deed dated November 18, 1919, recorded in liber 986, page 198, the same easterly one-half of lot 31 by the same description and the same reference to all the covenants and restrictions in the Smith deed.

Harry D. Gladstone conveyed to the Gladstone Holding Corporation, by deed dated the 5th day of August, 1929, recorded in liber 1451, page 536, the same premises by the same description, with a clause making the conveyance subject to the same covenants and restrictions.

Edward Pidgeon died March 2, 1933.

The First National Bank and Trust Company of Northport was appointed administrator with the will annexed on May 19, 1933, by the surrogate of Suffolk county.

Claim for $1,146.21 was presented to the administrator by the Gladstone Holding Corporation covering alleged violation of these restrictions, and rejected December 9, 1933.

Claim for $1,400 additional was presented to the administrator, alleged to grow out of the violation of the same restrictions, and this additional claim was rejected on February 14, 1934.

Would the restrictive covenant as to building within ten feet of the lot line affect the central division line through lot 31 above referred to, the westerly half of which lot was sold to H. Davis Ackerly, and the easterly half which was sold to Edward Pidgeon? The chain of title to the easterly half is hereinbefore given and which finally vested in the Gladstone Holding Corporation. Care was shown in the preparation of the deeds. I do not believe that the division of lot 31 legally resulted in forty feet of its width being restricted. It was a lot 100 feet in width, as were all the lots, Nos. 28 to 35, inclusive. Three others of that group had been sold with only twenty feet restricted, to wit, ten feet on each side. Edward Pidgeon built a house and garage on the easterly half of lot 31, the portion of the garage being within ten feet of the central division line between the half lot now of Gladstone and the half lot adjoining of H. Davis Ackerly. Ida A. Smith, the original owner, subsequent to the building of such house and garage by Edward Pidgeon, sold lots 34 and 35, both of which were included in this group, without the restrictions as to building within ten feet of the side line thereof.

I hold as a matter of law that the restrictions were removed by the conveyance of said lots 34 and 35. The conveyance from Pidgeon to Gladstone did not create a new restriction as to the central line above referred to even if *all* the covenants were referred to which included No. 5, *which cleared them all.*

The buildings were erected by Pidgeon in 1903, upwards of thirty years ago. In 1919 he sold the easterly half of lot 31 to Harry E. Gladstone and referred to prior deed by which Ida A. Smith conveyed to him and sold subject to all the covenants and restrictions contained therein. Ida A. Smith, the original owner of the entire tract, sold lots 34 and 35 to Laura S. Stewart by deed dated August 23, 1912, recorded in Suffolk county clerk's office, August 24, 1912, in liber 823 of Deeds, page 67, without restrictions.

The legal effect of this is expressed in the following decision: " Since purchaser agreed to take the property subject to the restrictions contained in the deeds under which the seller held the title," is charged with knowledge " of the facts disclosed by the record and every other fact which an inquiry suggested by the record would have led up to." (*Goldstein* v. *Rosenberg*, 191 App. Div. 492; affd., 232 N. Y. 535.)

If the present claimant or its predecessors in title had looked up the original deed at the time of purchase, searched the records to see if the restrictions were still in force, since the restrictions and covenants gave notice of the *lot numbers* and the possibility that other

sales might have *nullified all restrictions*, the claimant and its predecessors in title would have been made aware that all restrictions were off. The claimant is chargeable with that knowledge.

The action of the administrator in rejecting the claims herein presented is sustained.

Decree accordingly.